O

# United States District Court
# Central District of California

| | |
|---|---|
| JENER DA SILVA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DARDEN RESTAURANTS, INC.;<br>GMRI, INC.; YARD HOUSE USA, INC.;<br>YARD HOUSE NORTHRIDGE LLC; and<br>DOES 1 through 100,<br><br>　　　　　Defendants. | Case № 2:17-CV-05663-ODW (E)<br><br>**ORDER STAYING CASE AND TERMINATING PENDING MOTION WITHOUT PREJUDICE [18]** |

## I.　INTRODUCTION

Plaintiff Jener Da Silva brings this putative class action against his former employer for violations of the Fair Labor Standards Act ("FLSA") and the California Labor Code. Defendants Darden Restaurants, Inc., GMRI, Inc., Yard House USA, Inc., and Yard House Northridge, LLC, move to compel arbitration of Plaintiff's claims, or alternatively, to stay all proceedings pending the Supreme Court's decision in *Morris v. Ernst & Young LLP*, 834 F.3d 975 (9th Cir. 2016), *certiorari granted*, *Ernst & Young, LLP v. Morris*, 137 S. Ct. 809 (2017). Defendants argue that Plaintiff signed an agreement to arbitrate all employment-related disputes. As set forth below, the Court finds that a stay of this case pending a ruling in *Morris* is justified and hereby **STAYS** all proceedings in this case. Defendants' Motion to Compel

Arbitration is, therefore, **TERMINATED WITHOUT PREJUDICE**, and may be re-noticed upon the lifting of the stay.

## II. BACKGROUND

Plaintiff was employed at Defendants' restaurant in Northridge, California from approximately June 2014 through June 20, 2015. (Compl. ¶ 7, ECF No. 1.) Plaintiff alleges that during the time of his employment, Defendants failed to pay him, and other employees similarly situated, all wages due, including minimum wages, overtime compensation, and necessary expenditures incurred in discharging duties. (*Id.* ¶ 9.) Plaintiff further alleges that Defendants did not allow meal and rest period and failed to provide accurate itemized wage statements or maintain required records. (*Id.*)

Plaintiff initiated this lawsuit on July 31, 2017, alleging various causes of action under the FLSA and the California Labor Code, on behalf of himself and a putative class of Defendants' current and former non-exempt employees in the State of California. (*See generally* Compl.) Defendants moved to compel arbitration of Plaintiff's claims on September 29, 2017, arguing that Plaintiff signed an agreement containing a mandatory arbitration clause for all "employment-related disputes." (Mot., ECF No. 18; Dispute Resolution Process Agreement ("DRP"), ECF No. 18-1, Ex. A.) Plaintiff opposed Defendants' motion, arguing primarily that because Plaintiff signed the DRP as a condition of his employment and that agreement contains a waiver of all class and collective actions, the agreement is invalid pursuant to the Ninth Circuit's holding in *Morris*. (Opp'n 3, ECF No. 19.) In Reply, Defendants attempt to distinguish *Morris* and argue, in the alternative, that the Court should stay the case pending the Supreme Court's review of the Ninth Circuit's holding. (Reply 4–5, ECF No. 21.)

On November 17, 2017, the Court notified the parties that it found that *Morris* applied to this case and granted Plaintiff an opportunity to address Defendants'

request for a stay. (ECF No. 28.) Plaintiff submitted supplemental briefing on November 27, 2017. (Supp. Br., ECF No. 29.)

### III. LEGAL STANDARD

District Courts have the "discretionary power to stay proceedings." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). This power is "incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. The Court may "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (internal quotations omitted).

In determining whether to grant a stay, "the compelling interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "Among these competing interests are (1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.*

### IV. DISCUSSION

Defendants Motion to Compel Arbitration requires this Court to determine whether the National Labor Relations Act ("NLRA") invalidates class action waivers. (*See* DRP 3 ("There will be no right . . . for any dispute to be brought, heard or arbitrated by any person as a class action, collective action or on behalf of any other person or entity under the DRP").) A divided Ninth Circuit panel has already answered that question in the affirmative. *See Morris*, 834 F.3d 975 (9th Cir. 2016). On January 13, 2017, the Supreme Court granted certiorari in *Morris* to resolve the circuit split that had developed, and heard oral argument on October 2, 2017. *See*

*Ernst & Young LLP v. Morris*, Supreme Court of the United States Case No. 16-300 (filed September 8, 2016). The Supreme Court could either affirm the Ninth Circuit's conclusion that class action waivers violate the NLRA, or it could reverse and hold that mandatory class action waivers are enforceable and do not violate the NLRA. The outcome of the Supreme Court's ruling in *Morris*, will most likely directly impact Defendants' Motion to Compel Arbitration.

With this context in mind, the Court considers the *Landis* factors to determine whether a brief stay of this case pending the Supreme Court's resolution of *Morris* is warranted.

### A.   Possible Prejudice to Plaintiff from Granting Stay

The first *Landis* factor concerns the possible damage that could arise from granting the stay. *CMAX*, 300 F.2d at 268. Plaintiff argues that a stay would substantially prejudice Plaintiff and the putative class members because of the potential for lost evidence. (Supp. Br. 5.) However, other than generalizations regarding putative class members being "likely unaware of the litigation" and the "high turnover" in the food service industry making finding class members difficult, Plaintiff does not explain concretely how a stay will make discovery more difficult. The proposed stay is not likely to be lengthy. The Supreme Court has already heard oral arguments in *Morris* and taken the matter under submission. Due to the limited duration of the proposed delay, the Court finds that this factor does not weigh against a stay.

### B.   Possible Hardship or Inequity from Denying Stay

The second factor considers the possible harm from requiring Defendants to litigate while *Morris* is pending in the Supreme Court. *CMAX*, 300 F.2d at 268. If the Supreme Court overturns *Morris*, the class action waiver in the DRP may ultimately be deemed enforceable. In such a scenario, Plaintiff would be precluded from pursuing class or collective claims in any forum, and the Court would have to refer

Plaintiff's individual claims to arbitration.[1] Continued litigation on class certification issues might cause unnecessary hardship on Defendants and require all parties to incur more legal fees and expenses as a result of discovery that ultimately may be unnecessary. *See Bankwitz v. Ecolab, Inc.*, No. 17-cv-2924-EMC, 2017 WL 4642284, at *5 (N.D. Cal. Oct. 17, 2017). Therefore, the second factor leans in favor of granting a stay of the litigation.

**C.  Orderly Course of Justice**

The third factor considers whether a stay will simplify or complicate the judicial process. The Court finds that this factor weighs in favor of a stay. There is little value in litigating potential class claims or undertaking in class discovery now, when the Supreme Court's impending ruling might ultimately moot those claims.

For these reasons, the Court finds that a short stay pending the outcome of the Supreme Court's decision in *Morris* is justified. This conclusion is consistent with recent decisions from other district courts in this circuit presented with motions to compel arbitration in wage-and-hour cases. *See, e.g.*, *Bui v. Northrop Grumman Sys. Corp.*, No. 15-1397-WQH-WVG, 2017 WL 5256739, at *3 (S.D. Cal. Nov. 9, 2017); *Robledo v. Randstad US, L.P.*, No. 17-cv-1003-BLF, 2017 WL 4934205, at *6 (N.D. Cal. Nov. 1, 2017); *see also McElrath v. Uber Tech., Inc.*, No. 16-cv-7241-JSC, 2017 WL 1175591, at *6 (N.D. Cal. Mar. 30, 2017).

## V.  CONCLUSION

For the reasons discussed above, the Court **ORDERS** as follows:

1. The action is **STAYED** until the Supreme Court issues a decision in *Morris*;
2. All dates and deadlines are **VACATED**;

---

[1] Plaintiff argues without citation that his claims under the Private Attorneys General Act ("PAGA") would not be arbitrable. Although the Court declines to make a final determination on this issue at this point, the Court notes that the Ninth Circuit has held that "PAGA claims are eligible for arbitration." *Valdez v. Terminix Int'l Co. Ltd. P'ship*, 681 F. App'x 592, 594 (9th Cir. 2017) (unpublished).

3. Defendants' Motion to Compel Arbitration is **TERMINATED WITHOUT PREJUDICE** (ECF No. 18); and

4. Ten days after the Supreme Court issues its decision in *Morris*, the parties shall submit (1) a stipulation to lift the stay and (2) a joint status report setting forth whether Defendants will renew their Motion to Compel Arbitration, along with a proposed briefing schedule.

**IT IS SO ORDERED.**

December 11, 2017

_____
                    **OTIS D. WRIGHT, II
            UNITED STATES DISTRICT JUDGE**