# United States District Court
# Central District of California

JENER DA SILVA,

        Plaintiff,

    v.

DARDEN RESTAURANTS, INC.; GMRI, INC.; YARD HOUSE USA, INC.; YARD HOUSE NORTHRIDGE LLC; and DOES 1 through 100,

        Defendants.

Case № 2:17-CV-05663-ODW (E)

**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION [33]**

## I. INTRODUCTION

Plaintiff Jener Da Silva brings this putative class action against his former employer for violations of the Fair Labor Standards Act ("FLSA") and the California Labor Code. Defendants Darden Restaurants, Inc., GMRI, Inc., Yard House USA, Inc., and Yard House Northridge, LLC ("Defendants"), move to compel arbitration of Plaintiff's claims. This litigation was previously stayed pending the outcome of the Supreme Court's decision in *Epic Systems Corp v. Lewis*, 138 S.Ct. 1612 (2018). (ECF No. 30.) The Supreme Court issued its ruling in *Epic Systems* in May 2018, and

Defendants now move again to compel arbitration. (ECF No. 33.) For the following reasons, the Court **GRANTS** Defendants' Motion to Compel Arbitration.[1]

## II. BACKGROUND

Plaintiff was employed at Defendants' restaurant in Northridge, California from approximately June 2014 through June 20, 2015. (Compl. ¶ 7, ECF No. 1.) Plaintiff alleges that during the time of his employment, Defendants failed to pay him, and other employees similarly situated, all wages due, including minimum wages, overtime compensation, and necessary expenditures incurred in discharging duties. (*Id.* ¶ 9.) Plaintiff further alleges that Defendants did not allow meal and rest periods and failed to provide accurate itemized wage statements or maintain required records. (*Id.*)

Plaintiff initiated this lawsuit on July 31, 2017, alleging various causes of action under the FLSA and the California Labor Code, on behalf of himself and a putative class of Defendants' current and former non-exempt employees in the State of California. (*See generally* Compl.) Defendants initially moved to compel arbitration of Plaintiff's claims on September 29, 2017, arguing that Plaintiff signed an agreement containing a mandatory arbitration clause for all "employment-related disputes." (ECF No. 18; Dispute Resolution Process Agreement ("DRP"), ECF No. 18-1, Ex. A.)[2] Plaintiff opposed Defendants' motion, arguing primarily that because Plaintiff signed the DRP as a condition of his employment and that agreement contains a waiver of all class and collective actions, the agreement is invalid pursuant to the Ninth Circuit's holding in *Morris v. Ernst & Young, LLP*, 834 F.3d 975 (9th Cir. 2016). (Opp'n 3, ECF No. 19.) The Court ordered a stay in this case because the Supreme Court granted *certiorari* to review *Morris*. (ECF No. 30.) In its opinion in

---

[1] Having carefully considered the papers filed in support of and in opposition to the instant Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

[2] The DRP lays out a four step process the employee or company must go through in lieu of a court action. The fourth step in this process is binding arbitration. (*See generally* DRP.)

*Epic Systems*, the Supreme Court reversed the Ninth Circuit's holding in *Morris*, finding that a waiver of collective action contained in an arbitration agreement that was a condition of employment did not invalidate the agreement. *See Epic Systems*, 138 S.Ct. at 1619–20. Therefore the arbitration agreement in this case could not be found invalid for the reasons that it was a condition of employment and contained a waiver of collective actions. After the Court lifted the stay, Defendants moved again to compel arbitration on June 18, 2018. (Mot. ECF No. 33.) Plaintiff now opposes Defendants' motion on the grounds that the FAA does not apply to the DRP, or alternatively that the DRP is unenforceable because it is unconscionable. (*See generally* Opp'n. ECF No. 34.)

### III. LEGAL STANDARD

The Federal Arbitration Act ("FAA") governs a contract dispute relating to an arbitration provision when that provision "has a substantial relationship to interstate commerce." *Carbajal v. CWPSC, Inc.*, 245 Cal. App. 4th 227, 234 (2016). When it applies, the FAA restricts a court's inquiry into compelling arbitration to two threshold questions: (1) whether there was an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute. *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) (citation omitted). If the answer to both questions is affirmative, the FAA requires the Court to enforce the arbitration agreement according to its terms. *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719–20 (9th Cir. 1999). The FAA includes a "savings clause" however, which states that an arbitration agreement may be invalidated "upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. This includes generally applicable contract defenses such as fraud, duress, or unconscionability. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011).

Unconscionability has both a procedural and substantive component. *Armendariz v. Foundation Health Psychcare Servs, Inc.*, 24 Cal. 4th 83, 114 (2000). These two aspects of unconscionability need not be present in the same degree. *Id.* A

sliding scale is applied, whereby the more substantive unconscionability is present, the less procedural is necessary for the contract term to be unenforceable, and vice versa. *Id.* Procedural unconscionability focuses on oppression or surprise due to unequal bargaining power. *Id.* The threshold inquiry for procedural unconscionability is "whether the arbitration agreement is adhesive." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1281 (9th Cir. 2006) (quoting *Armendariz*, 24 Cal. 4th at 113). A contract of adhesion is a standardized contract, imposed on the party to sign without the opportunity for negotiation. *Id.* (quoting *Flores v. Transamerica HomeFirst, Inc.*, 93 Cal. App. 4th 846, 853 (2001)). "[A] finding of a contract of adhesion is essentially a finding of procedural unconscionability." *Id.* (quoting Flores, 93 Cal. App. 4th at 853). Substantive unconscionability is found when the contract is overly harsh or one-sided. *Armendariz*, 24 Cal. 4th at 114. In considering substantive unconscionability, the "paramount consideration" is mutuality of the obligation to arbitrate. *Nyulassy v. Lockheed Martin Corp.*, 120 Cal. App. 4th 1267, 1287 (2004) (internal citation omitted). A "modicum of bilaterality" is required to prevent a finding of substantive unconscionability in an arbitration agreement. *Armendariz*, 24 Cal. 4th at 117.

## IV. DISCUSSION

### A. Requests for Judicial Notice

Defendants request that the Court take judicial notice of three documents in deciding this motion; (1) the Employment Arbitration Rules and Mediation Procedures of the American Arbitration Association ("AAA Rules"), (2) the District Court decision in *Garcia v. GMRI, Inc.* (Case No. 2:12-cv-10152-DMG-PLAx), and (3) the District Court decision in *Martinez v. Darden Restaurants, Inc.* (Case No. 2:15-cv-3434-GW-GJSx).[3] As these documents are generally known in the Court's territorial jurisdiction and can be determined from sources whose accuracy cannot be

---

[3] Both *Garcia* and *Martinez* are cases from the Central District of California.

questioned, the Court deems they satisfy the requirements of Federal Rule of Evidence 201(b), and **GRANTS** Defendants' request for judicial notice.

### B. The FAA

This very arbitration agreement has twice been found to be enforceable under the FAA by judges in the Central District of California. *See Garcia v. GMRI, Inc.* (Case No. 2:12-cv-10152-DMG-PLAx); *Martinez v. Darden Restaurants, Inc.* (Case No. 2:15-cv-3434-GW-GJSx). Here, Plaintiff argues that the FAA does not apply to the arbitration agreement at issue because the agreement does not substantially affect interstate commerce. (Opp'n 3.) Plaintiff relies on *Carbajal* to draw a parallel to a situation where a California business which only served California customers was found not to affect interstate commerce. *Carbajal*, Cal. App. 4th at 239. However, the situation in *Carbajal* is very different from the one here. *Carbajal* dealt with a residential painting company which worked with customers within the state of California. *Id.* The Court finds it very hard to believe, and indeed Plaintiff submits no evidence to support, that while working at Defendants' national restaurant chain Plaintiff served only "California customers." (Opp'n 4.) Moreover, Defendants operate 1,536 restaurants across the country, and use the same arbitration agreement for all of their approximately 150,000 employees. (Mot. 6, 10.) Therefore, the Court finds that this agreement affects interstate commerce, and application of the FAA is appropriate.

### C. Plaintiff's Claims Subject to Arbitration

The arbitration agreement at issue in this case satisfies the two requirements for the Court to compel the enforcement of its terms. First, both parties clearly agreed to arbitrate. On June 12, 2014, Plaintiff signed the DRP Acknowledgement which states: "I understand that this arbitration agreement requires that disputes that involve the matters subject to the agreement be submitted to mediation or arbitration . . . ." (Decl. of Melissa Inglasbe ("Ingalsbe Decl."), Ex. B, ECF No. 33-1.) This document was also signed by a manager/director representative of Defendants. (*Id.*) The DRP also

clearly covers the claims that make up this dispute. It plainly states that it applies to "all employment-related disputes or claims," including but not limited to "disputes about compensation earned." (Ingalsbe Decl., Ex. A ("DRP"), ECF No. 33-1.) As both of these threshold questions have been answered in the affirmative, the Court must compel enforcement of the arbitration agreement according to its terms, unless the agreement may be invalidated according to a traditional contract defense.

**D. Unconscionability**

    **a. Procedural Unconscionability**

Plaintiff is correct to assert that this agreement contains elements of procedural unconscionability. This contract was provided to Plaintiff on a "take it or leave it" basis, as a condition of his employment. (Ingalsbe Decl. ¶ 10.) Defendants, as a large corporate employer had significantly more bargaining power, making this a contract of adhesion. *See Graham v. Scissor-Tail, Inc.*, 28 Cal.3d 807, 817 (1981). Arbitration agreements contained in contracts of adhesion are often found by courts to be procedurally unconscionable. *See Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916, 922–23 (9th Cir. 2013); *Armendariz*, 24 Cal. 4th at 114–15; *McManus v. CIBC World Markets Corp.*, 109 Cal. App. 4th 76, 91 (2003).

Additionally, the DRP is subject to the AAA Rules, but these were not provided to the Plaintiff. (Opp'n 9.) Not providing the rules which govern an arbitration agreement has also been found to be procedurally unconscionable, on the basis of unfair surprise. *Trivedi v. Curexo Tech. Corp.*, 189 Cal. App. 4th 387, 393 (2010).[4] *See also Fitz v. NCR Corp.*, 118 Cal. App. 4th 702, 72–23 (2004) (finding procedural unconscionability when arbitration rules were not attached and employee was required to obtain them from another source). Further, Defendants do not specify which version of the AAA Rules would be controlling on the claim (those at time of contracting or those at the time of arbitration, for example) and a failure to so specify

---

[4] *Trivedi* is disapproved of by *Baltazar v. Forever 21, Inc.*, 62 Cal.4th 1237 (2016), on grounds relating to substantive, not procedural, unconscionability.

has been found to heighten procedural unconscionability. *Harper v. Ultimo*, 113 Cal. App. 4th 1402, 1407 (2003). The Court therefore finds this agreement to contain elements of procedural unconscionability.

### b. Substantive Unconscionability

The "paramount consideration" of substantive unconscionability is the mutuality of the obligation to arbitrate. *Nyulassy*, 120 Cal. App. 4th at 1287. However, only a "modicum of bilaterality" is required for a finding of conscionability. *Armendariz*, 24 Cal. 4th at 117. The court in *Armendariz* also recognized: "unconscionability turns not only on a 'one-sided' result, but also on the absence of 'justification' for it." *Id.*

Here, Plaintiff claims that the agreement lacks mutuality in part because the first two steps of the DRP, "Open Door" and "Peer Review" are to be utilized only by the employee, not the company.[5] (Opp'n 11.) First, the DRP clearly states that "Open Door" is "always available to Employees or the Company" so it is not exclusive to employees. (DRP 2.) While the Court agrees that a process of reporting to a superior is more likely to be utilized by employees rather than the company, this is not dispositive of mutuality. Indeed, the fact that the company does not have a supervisor to whom to bring a grievance seems an adequate justification to exempt the company from this first step of the DRP. Also, this exemption is based on "business realties" of the type accepted by the *Armendariz* court. *Id.* Additionally, Plaintiff is mistaken regarding "Peer Review" as the plain language of the DRP states: "Steps two and three of the DRP – Peer Review and Mediation – apply to all . . . disputes or claims brought by the Employee against the Company or *the Company against the Employee. . . .*" (DRP 2) (emphasis added).

The Court disagrees with Plaintiff's suggestion that the DRP is one-sided because it exempts issues related to "wage rates, wage scales, or benefits, performance

---

[5] "Open Door" is the first step in the DRP, which requires employees to bring grievances to the attention of their manager or supervisor. "Peer Review" is the second step of the process, which allows either party to present an issue to a panel of three employees. (DRP 4.)

standards or ratings, work rules, food quality and service standards, or company policies or procedures . . . ." (DRP 2.) This is because the continuation of that quote, as noted by Defendants, states "unless these disputes are brought pursuant to a specific federal or state statute, or other applicable legal standard." (*Id.*) In other words, any complaints related to those issues would fall under the DRP if they raised a legal claim, regardless of who brought the issue. The company's claims in those areas are not exempted from the DRP, but rather any issue brought by either party which does not raise a legal claim.

Plaintiff next argues that the DRP is substantively unconscionable because it impermissibly shifts fees and costs. (Opp'n 13.) As the employee is only responsible for the same fees and costs they would be responsible for in court, the Court finds that the DRP does not shift fees and costs. The Court agrees with Defendants' that it is well settled that a plaintiff must bear their attorney's fees and costs during the pendency of litigation. (Reply 7, ECF No. 35.) Should the employee prevail on their claim in arbitration, they have the same ability to recover attorney's fees and costs that they would have in a court of law. (DRP 8.) Furthermore, the DRP provides that the company will pay "the arbitrator's fees and expenses, any costs of the hearing facility, and any costs of the arbitration service." (DRP 7.) In sum, the employee is not liable for any expenses beyond those that they would incur bringing an action in court.

As unconscionability is determined as a sliding scale between procedural and substantive unconscionability, even a strong showing of procedural unconscionability requires at least some substantive unconscionability for the contract term to be invalid. In this case, while there is procedural unconscionability present in the DRP, there is no substantive unconscionability, and so the Court orders the parties to comply with the terms of the arbitration agreement.

### E. Application of the *Armendariz* Test

The Court in *Armendariz* set forth a stringent standard that arbitration agreements must meet in order to be enforced. Under that standard, an arbitration

agreement: (1) must be mutual; (2) must provide for a neutral arbitrator; (3) may not limit statutorily imposed remedies; (4) must allow adequate discovery; (5) must require a written decision by the arbitrator; (6) may not require the employee to pay unreasonable costs and arbitrator fees. *Armendariz*, 24 Cal. 4th at 91, 101–13.

Defendants argue that *Armendariz* has been overruled by *AT&T Mobility LLC v. Concepcion* 563 U.S. 333 (2011) and a less stringent standard applies. (Mot. 17.) In the opinion of the Court, the agreement satisfies the stricter standard from *Armendariz*. Therefore, the agreement should be enforced whether or not the standard was relaxed by *AT&T Mobility*, and the Court need not issue a holding today on whether *Armendariz* was, in fact, overruled.

First, the DRP is mutual because both the employee and the company must submit all DRP-eligible disputes to arbitration (see as well the discussion of mutuality in the section on substantive unconscionability, above). (DRP 2.) Second, the DRP provides for a neutral arbitrator, referred by the American Arbitration Association. (*Id.* at 6, 9.) Third, the DRP does not limit remedies, the arbitrator has the same power as a court of law to award remedies. (*Id.* at 8.) Fourth, the DRP allows for adequate discovery by granting both parties the right to subpoena documents and witnesses for the arbitration hearing. (*Id.*) Fifth, the DRP states the arbitrator will issue a written decision. (*Id.*) Sixth, the DRP does not require the employee to pay unreasonable fees or costs. (*Id.* at 7.)

As it meets all of the requirements of the stringent *Armendariz* standard, the Court finds that this is a valid arbitration agreement even under that standard.

**F. Dismissal of Action**

"Under the Federal Arbitration Act (FAA), if a federal district court determines that a suit is subject to an arbitration agreement, it shall, on application of a party, stay the litigation pending arbitration." *Walker v. BuildDirect.com Tech., Inc.*, 733 F.3d 1001, 1004 (10th Cir. 2013); 9 U.S.C. § 3. In the Ninth Circuit, the district court has discretion to dismiss a party's complaint where the court finds that the arbitration

clause ensnares all of the party's claims. *See Sparling v. Hoffman Const. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988) ("9 U.S.C. section 3 gives a court authority, upon application by one of the parties, to grant a stay pending . . . [compliance with the contractual] arbitration clause . . . . [T]he provision [does not, however,] limit the court's authority to grant a dismissal . . . ."); *see also Azoulai v. La Porta*, No. CV 15–06083–MWF–PLA, 2016 WL 9045852, at *5 (C.D. Cal. Jan. 25, 2016) (dismissing action after compelling arbitration).

All of the claims alleged by Plaintiff fall within the scope of the arbitration agreement he signed. The first through eight claims alleged in Plaintiff's complaint all qualify as "employment-related disputes" expressly covered by the DRP.[6] Plaintiff's ninth claim, Unfair and Unlawful Business Practices, is derivative of the first eight claims as Plaintiff alleges that Defendants' failure to pay the proper wages and keep the correct records at issue in claims one through eight is the basis for Defendants' unfair business advantage. "To require arbitration, [Plaintiff's] factual allegations need only 'touch matters' covered by the contract containing the arbitration clause and all doubts are to be resolved in favor of arbitrability." *Simula*, 175 F.3d at 721. This claim clearly touches matters covered by the arbitration clause, and is therefore ensnared by the arbitration clause as well.

Finally, Plaintiff's tenth claim is a collective action under the FLSA. In *Epic Systems* the Supreme Court held that prohibitions on class action are permissible in arbitration agreements, and so Plaintiff is unable to bring this collective action. *See Epic Systems Corp v. Lewis* 138 S.Ct. 1612 (2018).

As the Court has found that the parties' arbitration agreement covers all of the Plaintiff's claims, this action must be **DISMISSED**.

---

[6] Plaintiff's first eight causes of action are: (1) Failure to Provide Required Meal Periods; (2) Failure to Provide Authorize and Permit Rest Periods; (3) Failure to Pay Minimum Wages; (4) Failure to Pay Overtime Wages; (5) Failure to Pay All Wages Due to Discharged and Quitting Employees; (6) Failure to Furnish Accurate Itemized Wage Statements; (7) Failure to Maintain Required Records; (8) Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties. (Compl.)

//

## V. CONCLUSION

For the forgoing reasons the Court **GRANTS** Defendants' Motion to Compel Arbitration (ECF No. 33), and **DISMISSES** the case. The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

July 20, 2018

_____

**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**